IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINA TUBBS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-1957-X (BT) |
| | § | |
| TIME WARNER, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Regina Tubbs, in a confusing and largely indecipherable one-page complaint, advises that she wishes to sue Time Warner and Spectrum Networks for eighty-six million dollars. ECF No. 3. She references, without any supporting facts, concepts like identify theft, privacy breach, global surveillance, fraud, the "federal communication commission laws," the "unauthorized entry" of an apartment, and hidden and unauthorized equipment.

For the reasons below, the Court should dismiss Tubbs's case with prejudice for failure to state a claim and as frivolous under 28 U.S.C. § 1915(e)(2)(B).

**Legal Standards and Analysis**

Because Tubbs did not pay the filing fee, the Court presumes that she seeks leave to proceed *in forma pauperis* (IFP). *See, e.g.*, *Cole v. Off. of Clerk*, 2021 WL 3024857 (N.D. Tex. June 8, 2021), *rec. accepted* 2021 WL 3023394 (N.D. Tex. July 16, 2021). Thus, her complaint is subject to screening under 28 U.S.C. §

1915(e)(2)(B). Under that statute, a district court may summarily dismiss a complaint filed IFP if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible[.]" *Id.* at 33 (citations omitted).

A review of Tubbs's complaint shows that it fails to state a claim and is factually and legally frivolous. Tubbs provides no substantive factual allegations from which the Court could discern a plausible cause of action. Her allegations are fanciful, fantastic, irrational, wholly incredible, and/or delusional. Accordingly, her complaint should be dismissed with prejudice.

2

**Recommendation**

The Court should dismiss this lawsuit with prejudice for failure to state a claim and as frivolous under 28 U.S.C. § 1915(e)(2)(B).

SO RECOMMENDED.

August 15, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).